**UNITED STATES of America, Appellee,**

v.

**Alonzo Walter HAYES, Appellant.**

**No. 91–3843.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 9, 1992.

Decided July 24, 1992.

Karla J. Fultz, Des Moines, Iowa, for appellant.

Lester Paff, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Alonzo Hayes appeals his ten-year sentence imposed by the district court following his guilty plea for conspiracy to distribute cocaine base. He argues that the district court incorrectly calculated the quanti-

---

ty of cocaine base involved in the conspiracy.[1] We vacate the sentence and remand for further factual findings.

## I.

On August 8, 1991, postal inspectors identified a package believed to contain cocaine base or "crack." After obtaining a search warrant, the package was opened and 243 grams of crack were found. Three days later, postal inspectors replaced all but ten grams of the crack with a substitute substance, made a controlled delivery to the home of Felita Hayes, and began surveillance. Felita Hayes wanted nothing to do with the package and threw it in her trash.

Early that same morning, her brother, Alonzo Hayes, began heavily smoking crack. When Hayes ran out of his supply, he telephoned his cousin, Thelma Terrill, to see if he could get about one-half gram of crack from her. Terrill explained that her crack was at his sister's house, and that she would sell him some if he went with her to get it. Terrill then picked up Hayes and drove to his sister's house. On the way, Terrill explained that her crack was in a package and that all Hayes needed to do was pick it up and meet her a few blocks down the street. Hayes located the package in the trash can, but did not open it. Rather, he began walking down the street as his cousin had directed. Before his cousin could pick him up, however, he was stopped by postal inspectors and arrested.

Hayes subsequently was charged with and pleaded guilty to conspiracy to distribute cocaine base. The plea agreement specified that, for purposes of sentencing, Hayes should be held responsible for an amount in excess of ten grams of cocaine base. The parties, however, did not agree on an exact amount. The government maintained that Hayes was responsible for 243.5 grams, the entire amount originally contained in the package. Hayes maintained that he was responsible for only 10.69 grams, the amount contained in the

package when he picked it up for his cousin. At the sentencing hearing, Hayes testified that he never would have picked up the package if he had known there were 243 grams of crack in it and that he had never picked up crack for his cousin before.

The district court concluded that Hayes was responsible for the full 243 grams. The court reasoned that the fact that the package contained less than this amount when Hayes retrieved it was an entirely fortuitous event dependent on the postal inspectors' decision to substitute a different substance for a portion of the crack. The district court further stated:

> I am satisfied that the defendant has established that his role was minimal. I accept, I believe, his version of the events, that this was a package that was really intended apparently for his cousin, Thelma; that he assisted her in retrieving the package from his sister's home in order to get a little bit of it for his own use, and I think that constitutes a minimal role under [United States Sentencing Guideline] 3B1.2. *He had no knowledge or understanding of the scope and the structure of the enterprise or of the activities of his cousin, Thelma, or the person who sent the cocaine.*

Appellant's App. at 24–25 (emphasis added). The court, however, found that Hayes' minimal role did not affect his sentence because the amount of crack subjected Hayes to the mandatory minimum sentence of ten years. *See* 21 U.S.C. § 841(b) (1988) (mandatory minimum applicable to violations involving fifty grams or more of cocaine base). Accordingly, the court sentenced Hayes to ten years. Hayes now appeals this sentence, claiming that the district court erred in finding him responsible for 243 grams of crack.

## II.

Under both the Sentencing Guidelines and 21 U.S.C. § 841(b), the type and quantity of drugs involved in a drug-related offense largely determines the length of the convicted drug defendant's sentence. Ac-

---

**1.** Hayes also argues that his sentence violates the Eighth Amendment and the due process clause. We find no merit to these claims.

cordingly, a key step in sentencing a drug defendant is to calculate the type and quantity of drugs attributable to that defendant. This calculation is not controlled by the type or quantity of drugs charged in the indictment.[2] Rather, the Sentencing Guidelines require the court to look to the "relevant conduct" of the defendant. U.S.S.G. §§ 1B1.2–.3.

Section 1B1.3 of the guidelines defines "relevant conduct." It provides that a drug defendant's sentence:

> shall be determined on the basis of the following:
> (1) all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense.

*Id.* § 1B1.3(a) (1991). Conduct "for which the defendant would be otherwise accountable" primarily refers to the "conduct *of others* in furtherance of the execution of [ ] jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n. 1) (emphasis added). In this case, Hayes was not found responsible for the conduct of others. Rather, the court based its drug calculation on Hayes' own act of picking up the package containing crack and walking down the street to meet his cousin. We agree that this is the only "relevant conduct" attributable to Hayes.

■ This does not end the inquiry, however. The court must still translate Hayes' conduct into a drug quantity. In most drug cases, this is a fairly straightforward process. Most drug offenders are well aware of the type and quantity of drugs with which they are personally dealing. This is true whether the defendant intentionally became involved with the amount of drugs or learned of the amount of drugs once the unlawful conduct began.[3] In these cases, the defendant is accountable for all drugs involved in the transaction. Even in those cases where the defendant never actually knows the type and quantity of drugs he is involved with, such as when a drug courier transports a sealed container, it is usually foreseeable to the defendant that the container may contain a large quantity of drugs. This is because the defendant either knows or suspects that he is aiding a larger distribution network. In these situations, a court can appropriately find the defendant responsible for the entire amount of drugs contained in the closed package. Hayes' sentencing testimony, however, indicates that this case is distinguishable from all these situations.

■ Hayes testified that he never opened the package, and at no time prior to his arrest did he know that it contained a large quantity of crack. Additionally, Hayes apparently did not know that his act of bringing the package to his cousin was aiding the further distribution of the package's contents. As the district court found, Hayes "had no knowledge or understanding of ... the activities of his cousin, Thelma, or the person who sent the cocaine." Rather, based on Hayes' testimony, it is possible that Hayes reasonably believed the package contained a much smaller quantity of cocaine, intended primarily for his cousin's personal use. If this is the case, we do not believe that the entire amount of crack originally contained in the package should be attributed to Hayes for purposes of sentencing. The rationale for linking sentence length to the amount of drugs is that the more dangerous the drug and the larger its quantity, the more culpable the defendant. If Hayes

---

**2.** Hayes' indictment did not even specify a quantity of cocaine base.

**3.** This latter situation is illustrated by note 1.a. to § 1B1.3. This illustration provides that a defendant who assists in the off-loading of a one-ton shipment of marihuana is responsible for the entire one-ton of marihuana regardless of how many bales he actually unloaded, "and notwithstanding any claim on his part that he was neither aware of, nor could reasonably foresee, that the boat contained this quantity of marihuana...." In this situation, although the defendant may not have known or foreseen the quantity of marihuana involved when he agreed to participate in the criminal activity, once the unloading process began, he became aware of the quantity.

at all times reasonably believed that the package contained a small amount of drugs, the 243 grams originally contained in the package does not reflect Hayes' culpability. In sentencing Hayes, the district court did not address this concern. Accordingly, we vacate Hayes' ten-year sentence and remand to the district court for further factual findings. If, on remand, the court finds that Hayes reasonably believed the package contained a smaller quantity of cocaine than the package originally contained, the court should attribute this smaller quantity to Hayes for purposes of sentencing. If the evidence does not support such a finding, the court should attribute to Hayes the entire quantity of crack originally contained in the package.[4]

### III.

For the foregoing reasons, we vacate Hayes' ten-year sentence and remand to the district court for further factual findings and resentencing.

---

**4.** We agree with the district court that the fortuitous event of the postal inspectors removing a portion of the package's original contents does not impact the sentencing decision. *See United States v. Franklin,* 926 F.2d 734, 736–37 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991); *United States v. White,* 888 F.2d 490, 498–500 (7th Cir.1989).